UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------x

 DOROTHY NESKE and CHRISTOPHER NESKE, as
 Parents and Natural Guardians of A.N.,
 and DOROTHY NESKE and CHRISTOPHER NESKE,
 Individually,

                 Plaintiffs,

        -against-

 NEW YORK CITY DEPARTMENT OF EDUCATION,

            Defendant.


------------------------------------------x
ERIC KOMITEE, United States District Judge:

**MEMORANDUM AND ORDER**
 20-CV-2009(EK)(SMG)

        Plaintiffs, parents and their child, commenced this

action on May 1, 2020.  On May 11, 2020, they sought an

injunction directing the New York City Department of Education

(DOE) to offer Plaintiffs pendency tuition funding pursuant to

Section 1415(j) of the Individuals with Disabilities Education

Act.  DOE then filed a letter requesting transfer to the

Southern District of New York, where two similar actions filed

by Plaintiffs remain pending before Judge Valerie Caproni.

    **I.**   **Background**

        This is one of many pending actions, by many

plaintiffs, challenging DOE's refusal to award Section 1415(j)

"pendency funding" for children whose parents unilaterally

1

transferred them from iHope to iBrain in recent years.[1]  It bears noting that the underlying legal questions have divided district courts.[2]

This is not the Neskes' first (or second) federal-court challenge to DOE's funding decisions.  They have applied for such funding with respect to two school years: 2018-19 and 2019-20.  They filed their first federal complaint against DOE in the Southern District of New York on April 2, 2019.  See Complaint, Neske v. New York City Dep't of Educ., No. 19-cv-2933, ECF No. 1 ("*DN I*").  That case was randomly assigned to Judge Caproni.  In *DN I*, Plaintiffs requested an injunction reversing DOE's decision to deny pendency payments for the 2018-19 schoolyear.  Id. at 5.  Judge Caproni dismissed *DN I* for failure to state a claim, see Neske v. New York City Dep't of

---

[1] iHope and iBrain are private schools for special-needs children.  Complaint, ECF No. 1 at ¶¶ 9, 13-14.  As DOE points out, there appear to be dozens of cases with similar facts proceeding in the Southern District of New York.  See Letter Motion, ECF No. 11 at 2.

[2] Compare Navarro Carrilo v. New York City Dep't of Educ., 384 F. Supp. 3d 441 (S.D.N.Y 2019) (finding children transferred from iHope to iBrain are entitled to pendency funding under Section 1415(j)) with de Paulino v. New York City Dep't of Educ., 19-cv-222(GBD), 2019 WL 1448088 (S.D.N.Y. Mar. 20, 2019) (finding the opposite).  The parties appealed these decisions to the Second Circuit.  See Notice of Appeal, de Paulino v. New York City Dep't of Educ., 19-cv-222, ECF No. 90; Notice of Appeal, Navarro Carrilo v. New York City Dep't of Educ., 19-cv-2944, ECF No. 21.  Yesterday, the Second Circuit issued an opinion holding that parents who unilaterally transferred their children from iHope to iBrain are not entitled to Section 1415(j) pendency funding.  See Opinion, de Paulino v. New York City Dep't of Educ., 19-cv-1662, ECF No. 149 (deciding both appeals in tandem).

Educ., 19-cv-2933(VEC), 2019 WL 3531959 (S.D.N.Y. Aug. 2, 2019), concluding that DOE was not obligated to fund enrollment at iBrain because the child's "then-current educational placement" was at iHope.  See id. at *5-7.  Plaintiffs moved for reconsideration.  *DN I*, ECF No. 38.  Judge Caproni denied that motion on November 7, 2019.  *DN I*, Order, ECF No. 47.

While Plaintiffs' motion for reconsideration in *DN I* was pending, they filed another complaint in the Southern District of New York on September 23, 2019, this time regarding the 2019-20 school year.  Complaint, Neske v. Carranza, No. 19-cv-8817, ECF No. 1 ("*DN II*").  This action was commenced before any decision was reached on Plaintiffs' administrative application for tuition funding.[3]  Plaintiffs' second complaint was accompanied by a proposed order to show cause seeking the same relief as before: an order requiring DOE to grant Plaintiffs pendency funding.  *DN II*, Proposed Order to Show Cause at 1-2, ECF No. 3.

Tellingly, Plaintiffs did not mark *DN II* related to *DN I,* despite the obvious connection.  *DN II*, Civil Cover Sheet at 1, ECF No. 2.  Plaintiffs' complaint was instead randomly assigned to Judge J. Paul Oetken, who apparently was not

_____

[3] Plaintiffs claim they need not exhaust administrative remedies before seeking judicial intervention.  See *DN II*, Memorandum of Law in Support of Order to Show Cause for Preliminary Injunction at 10, ECF No. 4 (citing Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ., 297 F.3d 195 (2d Cir. 2002)).

informed of *DN I* until DOE filed a "Statement of Relatedness." *DN II*, Statement of Relatedness, ECF No. 22. Plaintiffs opposed reassignment to Judge Caproni once DOE raised the issue. *DN II*, Letter, ECF No. 25. Applying the applicable relation rule, however, Judge Oetken transferred *DN II* to Judge Caproni on October 28, 2019. While the parties were briefing the motion to dismiss and the proposed order to show cause in *DN II*, Plaintiffs appealed Judge Caproni's dismissal in *DN I*. *DN I*, Notice of Appeal, ECF No. 48. The appeal in *DN I,* and the motions in *DN II,* remain pending.

On April 15, 2020, an initial hearing officer awarded Plaintiffs pendency funding for the 2019-20 term. Complaint at ¶ 39. DOE notified Plaintiffs on April 29, 2020 that it would withhold funding while DOE appealed the decision to the New York State Education Department's Office of State Review. Id. at ¶¶ 41, 43. Plaintiffs sought to challenge DOE's decision to withhold funding. Rather than file a third complaint in the same venue, however, Plaintiffs sued in the Eastern District of New York, seeking the exact relief they sought from Judge Caproni in *DN II*: an injunction directing DOE to provide pendency funding for the 2019-20 schoolyear. See Motion for Order to Show Cause at 1-2, ECF No. 8.

4

## II.  Analysis

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. . . ."  28 U.S.C. § 1404(a).  Moving parties must show by "clear and convincing evidence" that transfer is proper. See New York Marine & Gen. Ins. Co. v. Lafarge, 599 F.3d 102, 113-14 (2d Cir. 2010).

Courts conduct a two-part test when deciding whether to transfer an action under Section 1404.  See Ahmed v. TJ Maxx Corp., 777 F. Supp. 2d 445, 448 (E.D.N.Y. 2011).  First, the Court must find that the action "might have been brought" in the transferee court.  See id.; see also Schertenleib v. Traum, 589 F.2d 1156, 1161 (2d Cir. 1978).  Second, courts consider whether the transfer would promote convenience and justice.  See Ahmed, 777 F. Supp. 2d at 448.  In doing so, courts weigh several factors, including "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties."  D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106-07 (2d Cir. 2006).

5

Given the close physical proximity of the Southern and Eastern Districts, courts typically find that convenience considerations pose no bar to transfers between them.  See Ahmed, 777 F. Supp. 2d at 449 ("[M]ost courts ordinarily find . . . that due to the close proximity" of the Eastern and Southern Districts of New York, most convenience factors "are relatively neutral with regard to transfer.").  Likewise, when a plaintiff files related claims in multiple districts, the first factor – the plaintiff's choice of forum – will not be dispositive.  See Williams v. City of New York, 03-cv-5342(RWS), 2006 WL 399456, at *3 (S.D.N.Y. Feb. 21, 2006) (noting that the plaintiff's choice of forum "is not at issue" because the plaintiff "brought identical claims" in both districts).

This action is obviously related to the actions pending before Judge Caproni.  Indeed, Plaintiffs seek precisely the same injunctive relief here as they do in DN II.  See Brooklyn Downtown Hotel, LLC v. New York Hotel & Motel Trades Council, 14-cv-6067(ILG)(SMG), 2015 WL 779441, at *2-3 (E.D.N.Y. Feb. 25, 2015) (transferring case to the Southern District of New York where actions seeking "essentially the same relief" on the same "essential issues" were pending because the "case reeks of forum shopping").  There is no doubt that Plaintiffs could have brought this action in the Southern District, where their other actions are pending.  Moreover, the "strong policy

6

favoring the litigation of related claims in the same tribunal," Wyndham Assocs. v. Bintliff, 398 F.2d 614, 619 (2d Cir. 1968), militates in favor of transfer.  See also Cont'l Grain Co. v. Barge FBL-585, 364 U.S. 19, 26 (1960) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.").  The proper tribunal to hear Plaintiffs' complaint is the Southern District of New York, where Plaintiffs filed first.  See First City Nat'l Bank & Tr. Co. v. Simmons, 878 F.2d 76, 80 (2d Cir. 1989) (noting the "well-settled principle favoring the forum wherein a [related] suit was first filed").

### III. Conclusion

For these reasons, this action is transferred to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a).  All other relief sought by Plaintiffs is denied without prejudice to the renewal of the requests before the transferee court.  The Clerk of Court is directed to transfer this case to the Southern District of New

York.  Local Rule 83.1 of the Eastern District of New York,
which requires a seven-day delay between the date of this Order
and transfer, is waived.


        SO ORDERED.


                                    ____/s Eric Komitee_____
                                    ERIC KOMITEE
                                    United States District Judge

Dated:  Brooklyn, New York
        May 19, 2020